

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

Grover Sellers
XXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Dave McNeill, Jr.
County Attorney, Shelby County
Center, Texas

Dear Sir:

Opinion No. 0-5911

Re: Does a common school district which transfers its entire scholastic enrollment to an accredited school of higher rank by one-year contracts for three consecutive years thereby consolidate with the receiving school, and related questions?

We acknowledge receipt of your letter of March 2, 1944, in which you request an opinion of this department on the following questions:

"1. Does a common school district which transfers its entire scholastic enrollment to an accredited school of higher rank by one-year contracts for three consecutive years thereby consolidate with the receiving school?

"2. Does the County Board of Trustees have the authority to consolidate a common school district with its receiving school in the state of facts outlined in Number 1.

"3. Where an election is held within a common school district for the purpose of electing school trustees for such school district, what length of time must a voter reside in such common school district in order to qualify him to vote in the election?"

Your first two questions are, no doubt, prompted by the provisions of Article 8, Ch. 373, of the Rural Aid Bill for 1943,1945 (Acts 1943, 48th Leg. R. S., H. B. 176). Section 1 of Article 8 reads, in part, as follows:

"Upon the agreement of the board of trustees of the districts concerned or on petition signed by a majority of the qualified voters of the district and subject to the approval of the county superintendent and the State Superintendent, a district which may be unable to maintain a satisfactory school may transfer its entire scholastic enrollment for one year to an accredited school of higher rank. . ."

This provision authorized under certain circumstances the transfer of one school district's entire scholastic enrollment for one year to an accredited school of higher rank, but it does not authorize the legal consolidation of districts. Article 2896, R. S. 1925, sets out the procedure for consolidating districts and provides for the calling and holding of an election for such purpose in each of the districts to be affected by the consolidation. The County Board of Trustees as such have no statutory authority to effect a consolidation of school districts without a vote of the people in each of the districts affected.

We, therefore, answer your first two questions in the negative.

The qualifications of voters in elections in common school districts for the purpose of electing school trustees for such school districts are governed by Section 2, Article 6 of the Constitution of Texas, which reads in part as follows:

"Every person subject to none of the foregoing disqualifications, who shall have attained the age of 21 years and who shall be a citizen of the United States and who shall have resided in this State one year next preceding an election and the last six months within the district or county in which such person offers to vote, shall be deemed a qualified elector;"

Although there are certain constitutional and statutory provisions requiring an elector to vote in the election precinct of his residence, there is no required length of time for such residence as a qualification for voting in a school trustee election in a common school district. Shaw v. Taylor, 146 S. W. (2) 452.

Trusting that the foregoing answers your inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By        Fagan Dickson
Assistant

FD:BT/pam

APPROVED MAR 8 1944
GEO. P. BLACKBURN, ACTING
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY BWB, CHAIRMAN